AF Approval _____   Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE No. 8:19-cr-128-T-23AAS

JAMES LOCKHART

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, James Lockhart, and the attorney for the

defendant, Mark J. O'Brien, mutually agree as follows:

**A.**    **Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, Two,

and Three of the Information.  Count One charges the defendant with

production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

Count Two charges the defendant with distribution of child pornography, in

violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  Count Three charges the

defendant with possession of child pornography, in violation of 18 U.S.C.

§ 2252(a)(4)(B) and (b)(2).

Defendant's Initials _____

#31  B.M.

2.   <u>Minimum and Maximum Penalties</u>

Count One is punishable by a mandatory-minimum term of imprisonment of 15 years up to 30 years, a maximum fine of $250,000, a term of supervised release of at least five years up to life, and a special assessment of $100. Count Two is punishable by a mandatory-minimum term of imprisonment of five years up to 20 years, a maximum fine of $250,000, a term of supervised release of at least five years up to life, and a special assessment of $100. Count Three carries a maximum sentence of 20 years' imprisonment, a maximum fine of $250,000, a term of supervised release of at least five years up to life, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and

Defendant's Initials                     2

Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.  Apprendi v. New Jersey and Alleyne v. United States

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 570 U.S. 99 (2013), and 18 U.S.C. § 2252(b)(2), the maximum sentence for Count Three increases from 10 years to 20 years because the following facts have been admitted by the defendant and are established beyond a reasonable doubt by this plea of guilty: the defendant possessed visual depictions of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age.

4.  Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

> First:      an actual minor, that is, a real person, who was less than 18 years old, was depicted;
>
> Second:   the defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and
>
> Third:     the visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by

Defendant's Initials                       3

computer, or the depiction was actually transported in interstate or foreign commerce.

The elements of Count Two are:

First:      the defendant knowingly distributed a visual depiction;

Second:     the depiction was shipped or transported in interstate or foreign commerce by any means, including computer;

Third:      producing the visual depiction involved using a minor engaged in sexually explicit conduct;

Fourth:     the depiction is of a minor engaged in sexually explicit conduct; and

Fifth:      the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

The elements of Count Three are:

First:      the defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;

Second:     such visual depiction had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials which had been so mailed, shipped, or transported;

Third:      the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

Fourth:     the defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

Defendant's Initials _____          4

5.   <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

6.   <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.   <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.   <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the

Defendant's Initials           5

United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.     Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional

Defendant's Initials                     6

level. The defendant understands that the determination as to whether the

defendant has qualified for a downward adjustment of a third level for

acceptance of responsibility rests solely with the United States Attorney for the

Middle District of Florida, and the defendant agrees that the defendant cannot

and will not challenge that determination, whether by appeal, collateral attack,

or otherwise.

      10.   Cooperation - Substantial Assistance to be Considered

      Defendant agrees to cooperate fully with the United States in the

investigation and prosecution of other persons, and to testify, subject to a

prosecution for perjury or making a false statement, fully and truthfully before

any federal court proceeding or federal grand jury in connection with the

charges in this case and other matters, such cooperation to further include a

full and complete disclosure of all relevant information, including production

of any and all books, papers, documents, and other objects in defendant's

possession or control, and to be reasonably available for interviews which the

United States may require. If the cooperation is completed prior to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion at the time of sentencing recommending (1) a downward departure

Defendant's Initials        7

from the applicable guideline range pursuant to USSG §5K1.1, or (2) the

imposition of a sentence below a statutory minimum, if any, pursuant to 18

U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion for a reduction of sentence within one year of the imposition of

sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida, and

the defendant agrees that defendant cannot and will not challenge that

determination, whether by appeal, collateral attack, or otherwise.

    11.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no

self-incriminating information which the defendant may provide during the

course of defendant's cooperation and pursuant to this agreement shall be used

in determining the applicable sentencing guideline range, subject to the

restrictions and limitations set forth in USSG §1B1.8(b).

Defendant's Initials _____        8

12.   Cooperation - Responsibilities of Parties

a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)   The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)   The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and

Defendant's Initials       9

may either seek reinstatement of or refile such charges and prosecute the

defendant thereon in the event such charges have been dismissed pursuant to

this agreement. With regard to such charges, if any, which have been

dismissed, the defendant, being fully aware of the nature of all such charges

now pending in the instant case, and being further aware of defendant's rights,

as to all felony charges pending in such cases (those offenses punishable by

imprisonment for a term of over one year), to not be held to answer to said

felony charges unless on a presentment or indictment of a grand jury, and

further being aware that all such felony charges in the instant case have

heretofore properly been returned by the indictment of a grand jury, does

hereby agree to reinstatement of such charges by recision of any order

dismissing them or, alternatively, does hereby waive, in open court,

prosecution by indictment and consents that the United States may proceed by

information instead of by indictment with regard to any felony charges which

may be dismissed in the instant case, pursuant to this plea agreement, and the

defendant further agrees to waive the statute of limitations and any speedy

trial claims on such charges.

       (3)    The United States may prosecute the defendant for

any offenses set forth herein, if any, the prosecution of which in accordance

with this agreement, the United States agrees to forego, and the defendant

Defendant's Initials        10

agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

13. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an Apevia desktop computer (including two internal hard

Defendant's Initials  11

drives and one solid-state drive); a Canon HD VIXIA camera and SD card; and a Canon PowerShot camera, which assets were used or intended to be used to commit or to promote the commission of the offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials           12

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.

Defendant's Initials _____                    13

The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant

Defendant's Initials           14

may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

14.   Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Homeland Security Investigations or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the

Defendant's Initials           15

computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs Homeland Security Investigations, or other appropriate agencies, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: an Apevia desktop computer (including two internal hard drives and one solid-state drive); a Canon HD VIXIA camera and SD card; and a Canon PowerShot camera.

15.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and

Defendant's Initials _____        16

addresses of any places at which the defendant is or will be an employee or a

student.  The defendant understands that he must update his registrations not

later than three business days after any change of name, residence,

employment, or student status.  The defendant understands that failure to

comply with these obligations subjects the defendant to prosecution for failure

to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine

or imprisonment, or both.

**B.**     **Standard Terms and Conditions**

      1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

3663, including restitution as to all counts charged, whether or not the

defendant enters a plea of guilty to such counts, and whether or not such

counts are dismissed pursuant to this agreement.  The defendant further

understands that compliance with any restitution payment plan imposed by

the Court in no way precludes the United States from simultaneously pursuing

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),

Defendant's Initials                       17

including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _____      18

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United

Defendant's Initials _____      19

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials _____        20

Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

Defendant's Initials           21

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

      8.   <u>Middle District of Florida Agreement</u>

      It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

      9.   <u>Filing of Agreement</u>

      This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

      10.   <u>Voluntariness</u>

      The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges

Defendant's Initials       22

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____          23

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.

The defendant certifies that defendant does hereby admit that the facts set

forth below are true, and were this case to go to trial, the United States would

be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

Between March 2016 and February 2018, the defendant, James

Lockhart, an adult male born in 1988, used an Apevia computer, a Canon

PowerShot camera, and a Canon Vixia camera, to create, store, and distribute

sex-abuse photographs and videos of his one-year-old relative who was born in

2016 (hereafter "victim") from his house in the Middle District of Florida, for

the purpose of sharing that content on a dark web internet forum. Lockhart

also knowingly possessed other child pornography from an unknown date

until October 4, 2018.

From March 2016 and continuing until at least November 2017,

Lockhart had interchangeably employed the online monikers "Strangewood"

and "Hardwood." He joined a dark web internet forum known by law

enforcement to be frequented by individuals who share interests in consuming,

producing, and distributing child-exploitative material. During this period,

Lockhart posted several messages on that internet forum, including:

Defendant's Initials              24

- "Hey, I am new to the production game but I am eager to get working and getting better. I prefer little girls age 0-8 and the more hardcore the better. I guess my perfect video would be a toddler getting a creampie. Currently working on editing my first video but should have a teaser up shortly. Thank you all, StrangeWood."

- "I have cum in her mouth. On her pussy. And in her ass."

- "I will post more pictures and video soon. Shes young and cant really follow directions but are there any requests?"

- "I will think about making a video of him we will see. I have experimented with him before but it was not something that got me going like she does."

Lockhart also posted the following images on that internet forum:

- An imagine depicting Lockhart's one-year-old relative, the victim, lying naked on her back on a tan sofa. Lockhart's hand is pressing two fingers into the victim's vagina with force. There is a green stuffed toy in the victim's left hand. Also on the sofa is a white sheet of paper with the name "StrangeWood" written on it.

- An image that shows the victim, focusing on her naked vagina and anus. Lockhart's hand is pressing on her buttocks and one finger is in her anus.

- An image showing the victim lying naked on her back on a tan sofa. Lockhart's hand is pressing her buttocks with his thumb in her anus and his pointer finger in her vagina. The victim's face is partially blurred but her facial expressions indicate that she is under duress. In the image, the victim is clutching a green stuffed toy in her left arm. Also on the sofa is a white sheet of paper with the name "StrangeWood" written on it.

Lockhart used the signs bearing the name "Strangewood" to gain notoriety

by showing other individuals in the forum and elsewhere that he was the

Defendant's Initials             25

content creator and that he had direct, hands-on access to the child abused in the photographs and videos.

Lockhart eventually used electronic computer devices and cameras that moved in and affected interstate and foreign commerce to produce a four-video series for the forum in his house, including the trailer that he had promised. In November 2017, ~~including on November 17, 2017, ɸM MD~~ Lockhart knowingly used a computer to distribute those four videos in interstate and foreign commerce by posting them on the internet server hosting the above-mentioned dark web forum:

- The six-second teaser begins with a naked female baby, the victim, lying on her back on a tan sofa holding a green stuffed toy. The victim is crying. Several seconds later, a white piece of paper comes into view with the words "Strange Wood for MK PP" written on it.

- Another video, approximately eight minutes long, begins by showing a tan sofa with the victim lying naked on her back holding a green stuffed toy. Lockhart picks up a white sheet of paper from the sofa that reads "StrangeWood for MK PP," and holds it up to the camera. Lockhart then places the paper next to victim and begins vaginally penetrating her with his fingers. The victim immediately begins crying loudly. Roughly one-and-a-half minutes into the video, Lockhart penetrates the victim's anus with his finger. Lockhart then pulls the victim closer to him on the sofa and begins to rub his erect penis against the victim's vagina and anus. Lockhart eventually penetrates the victim's vagina with his penis. Lockhart then aggressively pulls the victim closer to him and attempts to anally penetrate her with his penis. At roughly the seven-minute mark, Lockhart has completely penetrated the victim's anus and the victim is screaming loudly. After Lockhart ejaculates, he moves the victim into a position that focuses the camera directly on her anus and vagina.

- A third video, created on a separate occasion and running approximately 15 minutes long, begins with the camera focused on the

Defendant's Initials         26

same tan sofa. A baby can be heard crying in the background. Four seconds into the video, Lockhart places the victim, who is holding a green stuffed toy, onto the couch. Lockhart then begins to rub his one-year-old relative's vagina, buttocks, and chest with his fingers. Lockhart spreads her vagina lips open with his fingers. The video then zooms in, focusing on the victim's vagina. Lockhart spreads the victim's anus open and penetrates it with his finger. The "Strange Wood for MK PP" sign then comes into view. Lockhart proceeds to spread the victim's vagina and anus open at the same time, zooming the video to focus on her genitalia. Lockhart zooms the video out and begins masturbating next to the victim, who continues to lay on the couch hysterically crying. Over the next few minutes, Lockhart makes multiple, alternating attempts to penetrate the victim's vagina and anus. Lockhart also attempts to penetrate the victim while holding her body down— applying downward pressure using his left hand on the victim's chest and waist. A few minutes later, Lockhart penetrates the victim's vagina with his finger and anus with his thumb at the same time. A minute or so later, Lockhart again attempts to penetrate the victim with his penis. This time, Lockhart succeeds and begins repeatedly thrusting his hips into the victim while using both arms to hold her legs down. Lockhart eventually ejaculates on the victim. The last minute and a half of the video shows the victim lying on her back, hysterically crying.

- A fourth video, created on a separate occasion and running over six minutes in length, begins with the victim lying naked on a tan sofa. She is holding a green stuffed toy. The victim appears to have oil or some type of lubricant applied to her genitalia. A white piece of paper comes into view with "Strange Wood for MK PP" written on it. Lockhart then begins to penetrate the victim's vagina with his left middle finger. The victim cries as Lockhart spreads the victim's labia for the camera. Lockhart continues to penetrate the victim's vagina with his finger, zooming the camera in to capture the penetration. Lockhart spreads the victim's vagina open with his left hand while continuing to penetrate the victim's vagina with his right index finger. Lockhart eventually moves on to the victim's anus, spreading the anus open and penetrating the anus with most of his pinky finger. The victim lets out a loud, agonizing scream. About one minute later, Lockhart twice penetrates the victim with a green permanent marker—first the victim's vagina and later the victim's anus.

Defendant's Initials      27

In at least two of the videos, a second child can be heard in the near background.

Aside from the videos described above, Lockhart used his one-year-old relative to create additional child-pornographic material on other occasions. For example, on January 16, 2018, Lockhart, used a Canon camera, which moved in and affected interstate and foreign commerce, to take a picture the victim crawling naked on the tan sofa.

On February 13, 2018, Lockhart used a Canon camera, which moved in and affected interstate and foreign commerce, to record three videos involving the victim. During two of the videos, the victim screams and cries while Lockhart, wearing blue medical gloves, forces his erect penis into her mouth. The third video depicts the victim's vagina as she screams and cries.

On that same day in February 2018, Lockhart took photographs of the victim lying on her back with her legs spread apart. In some of the pictures, Lockhart is holding the victim's legs apart. Lockhart also used a Canon camera to take a picture of his penis inside his one-year-old relative's mouth. Additionally, he produced a photograph of himself masturbating in front of the victim's face, while she cries and stares at him.

Lockhart used his Apevia desktop computer and associated hard drives (two internal hard drives and one solid-state drive), all of which moved in an

Defendant's Initials           28

affected interstate and foreign commerce, to knowingly store and distribute

from his house child-sex-abuse material that he had created and collected.

Lockhart stored at least 50 child pornographic images of the victim on this

computer. In some of the images, the victim is lying on top of a white dresser

with her legs spread open exposing her vagina. In other images, Lockhart

spreads her vagina open. Some of the images contain a message written on a

piece of paper, stating: "Tod Love her IDM 4-13-18."

Lockhart's Apevia desktop computer and associated hard drives also

contained child exploitative material that does not involve the victim.

Beginning on an unknown date but continuing into October 2018, Lockhart

knowingly possessed at least 43 child pornographic videos, at least 4,000

images of child pornography, at least 3,790 images of age-difficult

pornography and child erotica, and three images of child animation. At least

96 of the child-pornography images portrayed infants and toddlers, while 18 of

the images show sadomasochistic and/or violent conduct. One example of an

image that Lockhart knowingly possessed at that time on his desktop

computer and associated hard drives shows a naked female toddler who is

lying on her back with her legs spread. An adult male has his penis on her

toddler's vagina and what appears to be male ejaculate between the adult male

penis and the vagina.

Defendant's Initials _____          29

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _26th_ day of _March_, 2019.


MARIA CHAPA LOPEZ
United States Attorney


_____           _____
James Lockhart                                                    Francis D. Murray
Defendant                                                            Assistant United States Attorney


_____           _____
Mark J. O'Brien                                                  Amanda L. Riedel
Attorney for Defendant                                       Assistant United States Attorney
                                                                             Acting Chief, Special Victims Section


30