UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 8:20-cv-1376-SDM-UAM
                                                            8:19-cr-128-SDM-UAM

JAMES LOCKHART
_____/

## ORDER

Lockhart moves under 28 U.S.C. § 2255 (Doc. 8) to vacate and challenges the validity of his three convictions for producing, distributing, and possessing child pornography, for which he is imprisoned for a total of 840 months. The convictions and sentences accord with Lockhart's plea agreement. The pending motion asserts two grounds for relief. Although admitting that the motion to vacate is timely (Response at 5, Doc. 11), the United States argues that, as part of a plea agreement, Lockhart waived his right to raise one ground and the other ground lacks merit.

## FACTS[1]

Between March 2016 and February 2018, Lockhart used his personal computer and cameras in his home to create, store, and distribute photographs and videos of him sexually abusing his one-year-old daughter. Lockhart created the material for the purpose of sharing the content on a "dark web" internet forum. Also, Lockhart

---

[1] This summary of the facts derives from Lockhart's plea agreement and the final pre-sentence report. (Docs. 37 and 55 in 19-cr-128)

knowingly possessed other child pornography. Using an online moniker, Lockhart joined a "dark web" internet forum known by law enforcement as a site used by those who share an interest in consuming, producing, and distributing child-exploitative material. Lockhart posted several messages and images on that internet forum, including a four-part video series depicting him abusing his daughter. Some of the videos, including subsequently produced pictures and videos, show the little girl screaming and crying during Lockhart's abuse.

Lockhart's computer also contained child exploitative material of children other than his young daughter, including at least 43 child pornographic videos, at least 4,000 images of child pornography, at least another 3,790 images of child pornography and child erotica, and three images of child animation. At least 96 of the child pornography images portrayed infants and toddlers, while 18 of the images show sadomasochistic or violent conduct or both.

At sentencing and while standing alongside Lockhart, trial counsel stated (1) that "I can assure the Court that Mr. Lockhart from day one was never going to fight these charges [and h]e was always going to plead guilty;" (2) that, under the terms of the plea agreement, "[s]hould he live long enough, he will be released from custody, because there is a maximum sentence of 70 years;" and (3) that "[w]hat we're hopeful is that Mr. Lockhart will have an opportunity as a very old man to make right very, very serious wrongs that he committed . . . ." (Doc. 70 at 54 and 57 in 19-cr-128) In his affidavit filed in support of the response, trial counsel represents that Lockhart "went into this sentencing knowing he would likely receive the maximum sentence allowed by

law" and that Lockhart's "ultimate goal was to obtain a sentence that would not be a life sentence so that he would have an opportunity, if allowed, to speak with [his daughter] before he passed from this world." (Doc. 11-1 at 6, ¶¶12–13)

The district court sentenced Lockhart to the maximum sentence under the Sentencing Guidelines, specifically, consecutive sentences of 360 months' imprisonment for producing child pornography, 240 months' imprisonment for distributing child pornography, and 240 months' imprisonment for possessing child pornography, for a total of 840 months' imprisonment (70 years). Trial counsel estimated that, if the government withdrew the plea offer, Lockhart faced the potential of 430 years' imprisonment.[2]

## I. GUILTY PLEA

Lockhart pleaded guilty and admitted to the above facts. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea

---

[2] The government represents that "[h]ad the grand jury charged Lockhart with every child-pornographic video and image that he produced (approximately 55) and distributed, his guideline range after conviction would have exceeded 1,650 years." (Doc. 11 a 17, n.2)

- 3 -

was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings.") and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). A guilty plea waives a claim based on a pre-plea event, including ineffective assistance of counsel. *Wilson*, 962 F.2d at 997. Consequently, the entry of a guilty plea waives a claim that is based on a pre-plea event, including both a substantive claim and a purported failing of counsel but neither a jurisdictional challenge nor a voluntariness challenge to the plea. Lockhart asserts a claim of ineffective assistance of counsel based on both a pre-plea event (counsel's not moving to suppress evidence) and a post-plea event (counsel's not explaining a three-level reduction under the Sentencing Guidelines for acceptance of responsibility).

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Lockhart claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains,

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Lockhart must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Lockhart must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Lockhart cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful, as *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992), explains:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally

compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

**Ground One**:

Lockhart alleges that counsel rendered ineffective assistance by not moving to suppress evidence collected both from his home and from the website to which he posted videos of his abuse. Because this alleged failing of counsel is based on a pre-plea event, by pleading guilty Lockhart forfeited challenging the search of his home and the seizure of evidence from both his home and from the website. *Wilson*, 962 F.2d at 997 ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction . . . ."). Moreover, Lockhart had no

compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

**Ground One**:

Lockhart alleges that counsel rendered ineffective assistance by not moving to suppress evidence collected both from his home and from the website to which he posted videos of his abuse. Because this alleged failing of counsel is based on a pre-plea event, by pleading guilty Lockhart forfeited challenging the search of his home and the seizure of evidence from both his home and from the website. *Wilson*, 962 F.2d at 997 ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction . . . ."). Moreover, Lockhart had no

reasonable expectation of privacy in the content he posted to the internet that anyone with access to the site could view. *See, e.g., Smith v. Maryland*, 442 U.S. 735, 743–44 (1979) ("This Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."). Lastly, trial counsel explains that "[t]here was no viable motion to suppress evidence [and m]aking matters worse, had the Petitioner filed a frivolous motion to suppress it is highly likely the government would have pulled their plea agreement[,which] would have subjected the Defendant to an indictment of at least 430 years in federal prison." (Doc. 11-2 at 5, ¶10) Not moving to suppress was a reasonable trial tactic entitled to deference. Consequently, Lockhart is entitled to no relief under ground one because, even if not forfeited by pleading guilty, he shows no deficient performance.

### III.  STANDARD OF REVIEW

Section 2255 allows a federal prisoner to "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215–16 (11th Cir. 2014). However, "[o]nce the defendant's chance to appeal has been waived or exhausted, [a court is] entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (*per curiam*) (citing *Frady*, 456 U.S. at 165). Because collateral review is not a substitute for direct appeal, a defendant must raise on direct appeal all available claims.

Relief under Section 2255 is reserved "for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)).

A claim of ineffective assistance of counsel is an example of a claim that "should usually be raised in a motion under 28 U.S.C. § 2255." *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013).

## IV.  REMAINING GROUND FOR RELIEF

Under the terms of the plea agreement Lockhart received a three-level reduction in the total offense level for acceptance of responsibility. (Plea Agreement, Doc. 37 at 6–7)  In ground two Lockhart alleges that counsel rendered ineffective assistance by not adequately explaining the impact of the three-level reduction.  Lockhart complains that he "received no tangible benefit" from the three-level reduction because his offense level was 43 whether with or without the three-level reduction.

In the plea agreement Lockhart acknowledged that recommendations by counsel for Lockhart and for the United States "are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement." (Doc. 37 at 21, ¶6 in 19-cr-128) Because Lockhart's offense level remained undetermined when he pleaded guilty, whether the three-level reduction for acceptance of responsibility would have a "tangible benefit" was unknown.  Nevertheless, a week before entry of the plea trial

counsel's letter to Lockhart dated April 11, 2019, explains that, based on counsel's estimations, Lockhart's combined adjusted offense level was 55 and reduced by three-levels for acceptance of responsibility but potentially increased by five levels as a "dangerous sex offender against a minor."[3]  (Doc. 11-2 at 39 and 53–55)  Also, the letter explains that "[a]n offense level of more than 43 is to be treated as an offense level of 43."  (Doc. 11-2 at 55)  Consequently, when he pleaded guilty Lockhart knew his counsel's estimation that the three-level reduction would not have a "tangible benefit." Lockhart has no claim warranting vacating his conviction and sentence based on counsel's estimation, as *United States v. Himick*, 139 F. App'x 227, 228–29 (11th Cir. 2005) (brackets original) (quoting *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990)), explains:

> [A] defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence: 'To the extent that [a defendant] claimed his guilty plea was based on his attorney's estimate of the sentence and offense level, the claim did not warrant withdrawal of the guilty plea where [the defendant] acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed.'

The motion under Section 2255 to vacate the sentence, as amended, (Docs. 1 and 8) is **DENIED**. The clerk must enter a judgment against Lockhart, close this case, and enter a copy of this order in the criminal action.

---

[3] Because Lockhart did not receive this increase in the presentence report, the offense level remained at 52 after the three-level reduction for acceptance of responsibility.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL IN FORMA PAUPERIS

Lockhart is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Lockhart must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Lockhart is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Lockhart must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 7, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE